REQUESTED BY: William L. Howland, Dawes County Attorney, Chadron, Nebraska
1. Does section 2 of LB 933 of the Eighty-seventh Legislature, Second Session (1982), repeal that portion of Neb.Rev.Stat. § 77-1606 (Reissue 1976) which requires certain funds be held pending the outcome of litigation over the levy of a tax?
2. May a county treasurer release 1981 levied tax dollars collected for free high school tuition purposes when a taxpayer has appealed, without complying with subparagraph 4 of section 2 of LB 933, from the action of the county board of equalization in making that levy, which appeal is dismissed by the district court, but an appeal is taken and pending in the Nebraska Supreme Court?
1. No.
2. Yes.
In your letter of inquiry you state that a taxpayer appealed to the district court the action of the county board of equalization in fixing the levy for nonresident high school tuition. You also state that appeal was dismissed by the district court but an appeal was taken to the Nebraska Supreme Court and is pending. In connection therewith you state that the taxpayer did not invoke subparagraph 4 of section 2 of LB 933 of the Eighty-seventh Legislature, Second Session (1982) and ask two questions in connection therewith. The same are hereinafter discussed.
It appears to us that Neb.Rev.Stat. § 77-1606 (Reissue 1976) is a general procedural statute which permits a taxpayer to appeal the action of a county board of equalization in levying taxes. It specifically provides: `No appeal shall in any manner suspend the collection of any tax, nor the duties of the officers relating thereto during the pendency of the appeal, and all taxes affected thereby which may be collected shall be kept by the treasurer in a special fund without distribution.'
Section 2 of LB 933 of the Eighty-seventh Legislature (1982) does not specifically amend Neb.Rev.Stat. § 77-1606
(Reissue 1976) but amends Neb.Rev.Stat. § 79-4,102 (Supp. 1980). As amended, it apparently permits a taxpayer to appeal from the action of the county board of equalization in fixing the levy for nonresident high school tuition. It specifically provides as follows:
 If the taxpayer alleges that the levy for nonresident high school tuition is for an unlawful or unnecessary purpose or in excess of the requirements of the school district fixing nonresident high school tuition, such appeal shall not in any manner suspend the collection of any tax, nor the duties of the officers relating to such tax collection while such appeal is pending. Notwithstanding the provisions of section 77-1606, such appeal shall not suspend or stay in any manner the distribution of nonresident high school tuition funds.
LB 933 contains an emergency clause, It does not contain a savings clause. Nor, in our opinion, is the general savings statute applicable. It is well settled law that the general savings statute, which provides that the repeal of a statute shall in no manner affect pending actions founded thereon, nor causes of action not in suit that accrued prior to any such repeal, does not save to a party the procedures of the repealed law. The general savings statute, Neb.Rev.Stat. § 49-301 (Reissue 1978) relates to substantive and not procedural law. Lindgren v. School Dist. ofBridgeport, 170 Neb. 279, 284, 102 N.W.2d 599 (1960).
Accordingly, we are of the opinion that section 2 of LB 933 does not repeal that portion of Neb.Rev.Stat. § 77-1606
(Reissue 1976) requiring certain funds be held pending the outcome of litigation over the levy of a tax. On the other hand, we are of the opinion that Neb.Rev.Stat. § 77-1606
(Reissue 1976) has no application to the facts stated. Specifically, we are of the opinion that section 2 of LB 933 contains procedures to be followed in the event a taxpayer appeals from the action of the county board of equalization in making the levy for nonresident high school tuition (to be distinguished from making the levy for other purposes).
Where, as here, a taxpayer has appealed to the district court from the action of the county board of equalization in fixing the levy for nonresident high school tuition without applying for injunctive relief pursuant to subparagraph 4 of section 2 of LB 933, which is dismissed by the district court and an appeal is taken to the Nebraska Supreme Court, said appeal, without more, does not suspend or stay the distribution of nonresident high school tuition funds. Accordingly, we are of the opinion that notwithstanding the above described appeal to the Nebraska Supreme Court, the county treasurer may properly distribute the 1981-1982 nonresident high school tuition funds to qualified school districts.
Respectfully submitted, PAUL L. DOUGLAS Attorney General Harold Mosher Assistant Attorney General APPROVED:Paul L. Douglas
Attorney General